UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CORA A.<br>    Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO.: 2:21-CV-314-JVB<br>) |
| KILOLO KIJAKAZI, Acting Commissioner<br>of the Social Security Administration,<br>    Defendant. | )<br>)<br>)<br>) |

## OPINION AND ORDER

Plaintiff Cora A. seeks judicial review of the Social Security Commissioner's decision denying her applications for disability insurance benefits and supplemental security income and asks this Court to reverse that decision and remand this matter to the agency for an award of benefits or, alternatively, for further administrative proceedings. For the reasons below, the Court grants Plaintiff's alternative request, reverses the Administrative Law Judge's decision, and remands this matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

In Plaintiff's August 23, 2018 application for disability insurance benefits and in her April 29, 2020 application for supplemental security income, she alleged that she became disabled on August 22, 2017. After a September 9, 2020 hearing, the Administrative Law Judge (ALJ) issued her decision on February 1, 2021, finding that Plaintiff had the severe impairment of headaches (migraine and obstructive sleep apnea related). (AR 17). The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment, and further determined that Plaintiff had the residual functional capacity (RFC) to perform medium work except "the claimant can never climb ladders, ropes, or scaffolds and must avoid hazards such as unprotected heights and moving, dangerous machinery. The claimant can

work in an environment with a moderate noise level or quieter." (AR 22). The ALJ determined that Plaintiff was capable of performing her past relevant work as a bus monitor. (AR 27). Accordingly, the ALJ found Plaintiff to not be disabled from August 22, 2017, through February 1, 2021, which is the date of the ALJ's decision. (AR 28). This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act. 20 C.F.R. § 1520(a)(4). The first step is determining whether the claimant is engaged in substantial gainful activity. If the claimant is, then the claimant is determined to be not disabled. *Id.* at § 1520(a)(4)(i). The remaining steps are:

> whether the claimant has a severe impairment; whether the claimant's impairment is one that the Commissioner considers conclusively disabling; if the claimant does not have a conclusively disabling impairment, whether [they] can perform [their] past relevant work; and whether the claimant is capable of performing any work in the national economy.

2

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (index numbers omitted). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**ANALYSIS**

Plaintiff argues that the ALJ erred and that her decision should be reversed because the ALJ erred in discrediting the psychological consultative examiner's opinion, the ALJ failed to evaluate Plaintiff's subjective statements according to the regulatory factors and explain her conclusions, and the ALJ failed to resolve inconsistencies between the vocational expert's testimony and the Dictionary of Occupational Titles at step 4 of the sequential process. The Court agrees with Plaintiff regarding her first argument and remands this matter to the agency for further administrative proceedings on this basis.

When an ALJ evaluates medical opinions, the most important factors to consider are supportability and consistency, and the remaining factors are relationship with the claimant, specialization, and "other factors." 20 C.F.R. §§ 404.1520c, 416.920c. "Supportability" considers to what extent an opinion is based on objective medical evidence and supporting explanations. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency" considers to what extent an opinion is consistent with the evidence from other sources. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

Consultative examiners are agency doctors and are unlikely to exaggerate an applicant's disability. *Garcia v. Colvin*, 741 F.3d 758, 761-62 (7th Cir. 2013) (citing *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)). "As a general rule, an ALJ is not required to credit the agency's examining physician in the face of . . . compelling evidence. . . . But rejecting or discounting the opinion of the agency's own examining physician that the claimant is disabled, as happened here, can be expected to cause a reviewing court to take notice and await a good explanation for this

unusual step." *Beardsley v. Colvin*, 758 F.3d 834, 839 (7th Cir. 2014); *see also* 20 C.F.R. §§ 404.1520c(c)(3)(v), 416.920c(c)(3)(v) ("A medical source may have a better understanding of your impairment(s) if he or she examines you than if the medical source only reviews evidence in your folder.").

It is the ALJ's responsibility to resolve conflicts in the evidence; however, ignoring lines of evidence contrary to the ALJ's findings is not a valid form of evidentiary conflict resolution. Though an ALJ need not mention every piece of evidence in the record, "[a]n ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). This is especially true in the context of evaluating mental illness because "a person who suffers from a mental illness will have better days and worse days, so a snapshot of any single moment says little about her overall condition." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011). Further, a social security claim is properly remanded if the ALJ has mischaracterized the evidence such that the necessary logical bridge between evidence and conclusion does not exist. *See Golembiewski v. Barnhart*, 322 F.3d 912, 916-17 (7th Cir. 2003); *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002).

Psychologist Dr. Kenneth Heinrichs examined Plaintiff in January 2019 on behalf of the Social Security Administration. (AR 605-06). The ALJ acknowledged that, during this examination,

> [Plaintiff's] affect was depressed and tearful, congruent with her reported mood and gross content of speech. Her thoughts were logical and linear. Her long-term memory and fund of information were limited as she was unable to recall the incumbent President of the United States or any of his immediate predecessors. She did not know of the JFK assassination, Pearl Harbor, or the 9/11/01 terrorist attacks. Her auditory memory, attention and concentration were impaired as she was unable to repeat 4 digits or reverse the order of 3. Her speech and language functioning were variable as she provided accurate motor responses to verbal and written

4

>instructions. She reported problems with concentration, could not reverse spell WORLD and EARTH, could not complete serial sevens, and her calculation ability was limited. Her abstract ability was limited and her insight and judgment were variable. She had problems recognizing the lack of logic in a sentence.

(AR 19). Dr. Heinrichs opined that, based on Plaintiff's performance on the mental status evaluation, Plaintiff had deficits in short-term memory, auditory memory, attention, and concentration, which would likely interfere with her ability to engage in some work-related activities without close supervision. (AR 606). He further opined that she had limited levels of understanding and sustained concentration, normal persistence, and markedly labile social interaction. *Id.* Dr. Heinrichs was of the opinion that Plaintiff may have difficulty adjusting to the changing expectations of some work settings and would not be able to effectively manage her own benefits. *Id.*

>The ALJ did not find Dr. Heinrichs's opinions persuasive on the basis that
>
>they are not longitudinally consistent with the record, particularly given the consistently appropriate/normal mood and affect noted on examinations, the findings of normal/intact memory, fund of information and normal attentions span, the fact there had been no formal testing on cognitive functioning, the claimant's limited mental health treatment, and her statement that her symptoms were controlled.

(AR 27 (citations omitted)). The normal findings that the ALJ highlighted are from three examinations by Plaintiff's neurologist, who was evaluating Plaintiff's headaches and obstructive sleep apnea. *See* (AR 709, 1015, 1149). These examinations occurred on February 13, 2019, August 21, 2019, and December 11, 2019. *Id.*

Plaintiff argues that the ALJ impermissibly cherry-picked only the records that agreed with her conclusion and ignored other records that are consistent with and support Dr. Heinrichs's opinion. Plaintiff identifies a speech therapy progress note from October 17, 2017, where Plaintiff was assessed with "moderate cognitive deficits including deficits in executive function, divided attention/concentration and short-term memory deficits including auditory memory, prospective

5

memory, and working memory." (AR 461). Plaintiff's Montreal Cognitive Assessment (MoCA) score was 14/30 at this speech therapy appointment. *Id.* Plaintiff reported memory issues to her medical providers on September 26, 2017, (AR 447), and January 25, 2018, (AR 437). On April 30, 2020, Plaintiff's mental status included mildly impaired remote memory and diminished ability to think or concentrate. (AR 965). Her "physical status psych" was listed as "dementia/cognitive impairment prese[]nce of pain." (AR 966). Plaintiff was assessed with cognitive deficits on September 26, 2017, November 30, 2017, January 25, 2018, March 7, 2018, and April 4, 2018. (AR 432, 434-35, 437-38, 440, 448). The normal findings noted by the ALJ do not show the full picture of Plaintiff's medical history and are cherry-picked to bolster the ALJ's decision without acknowledging significant medical findings to the contrary.

  Confusingly, the ALJ discredited the opinion of Dr. Heinrichs, in part, because there had been no cognitive function testing. (AR 27). However, Plaintiff had a MoCA assessment on October 17, 2017. The Commissioner contends that the MoCA is only a "screening assessment" and not "formal cognitive testing." (Resp. at 5 n.3, ECF No. 15). It is unclear why the Commissioner believes that a screening assessment cannot also be a formal cognitive test. The Commissioner's cited reference explains that the MoCA is "a rapid screening instrument for mild cognitive dysfunction" that "assesses different cognitive domains" and explains that the "*test* and instructions" are available at the MoCA website. U.S. Dept. of Veterans Affairs, *Parkinson's Disease Research, Education and Clinical Centers, Montreal Cognitive Assessment (MoCA)*, available at https://www.parkinsons.va.gov/consortium/moca.asp (last visited March 7, 2023) (emphasis added). Further, a party waives an argument by raising it only in passing in a footnote, as this argument was. *Cross v. United States*, 892 F.3d 288, 294 (7th Cir. 2018) (citing *United States v. White*, 879 F.2d 1509, 1513 (7th Cir. 1989); *Harmon v. Gordon*, 712 F.3d 1044, 1053

(7th Cir. 2013)). The ALJ has mischaracterized the evidence by stating that no formal cognitive testing had occurred, thus undermining the logical bridge between the evidence and her conclusion.

Additionally, in explaining why she was not accepting Dr. Heinrichs's opinion, the ALJ noted that, in June 2020, Plaintiff reported that her anxiety and depression were "controlled at this time." (AR 824). The ALJ failed to report, however, that at other times in the record Plaintiff reported significant symptoms and her medical providers changed her medicines, (AR 826 (anxiety/depression "worse at this time d/t pandemic" and fluoxetine dosage doubled on April 7, 2020); AR 965-67 (depressed mood or irritable mood noted "[n]early every day and [o]bserved by self or others" alongside "[m]arkedly diminished interest or pleasure in all, or nearly all, activities" on April 30, 2020); AR 1194 (noting, on May 12, 2020, "She has a lot of depression, which she had discussed with her PCP who referred her to a psychiatrist and is waiting on a specialist for PTSD. On Prozac and her doctor is thinking about increasing dosage.")). This is an example of the ALJ taking the "'sound-bite' approach to record evaluation[, which] is an impermissible methodology for evaluating the evidence." *Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) (citing *Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir. 1982)).

The Court expects a good explanation for the ALJ's decision to reject the opinion of the Commissioner's own examining psychologist. She has not provided one. Instead, she identifies only medical notes that support her decision and ignores ample evidence that supports the examiner's opinion. She has discredited the opinion on the basis that there is no formal cognitive testing in the record, but there appears to be one—the MoCA. Plaintiff received prescriptions for antidepressant medicines, and her medical providers adjusted her dosages in light of her symptoms less than six months before her hearing before the ALJ.

The ALJ erred in weighing the opinion of Dr. Heinrichs by failing to adequately explain her decision to reject the Commissioner's own examining doctor. She impermissibly cited only evidence of record that supports her decision while ignoring contrary lines of evidence, and she supported her decision with the incorrect statement that no formal cognitive testing had occurred. The ALJ's decision must be remanded. In the interest of judicial efficiency and in light of this outcome-determinative finding, the Court declines to address Plaintiff's remaining arguments.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the alternative relief[1] requested in Plaintiff's Opening Brief [DE 12], **REVERSES** the decision of the Commissioner of the Social Security Administration, and **REMANDS** this matter for further administrative proceedings consistent with this Opinion and Order.

SO ORDERED on March 7, 2023.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Plaintiff's primary request for an award of benefits is only proper if "all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011). That not being the case here, the Court grants the alternative request for remand with further administrative proceedings.